IN THE DISTRICT COURT FOR THE EASTERN DISTRICT
OF PENNSYLVANIA

Raheema Whitmore

                        Plaintiff

        v.

City of Philadelphia                               NO:

                       Defendant

## **COMPLAINT**

Plaintiff, by and through undersigned counsel, hereby submits her Complaint, and in support thereof, avers as follows:

PARTIES

1. Plaintiff Raheema Whitmore.("Whitmore") is a citizen of the Commonwealth of Pennsylvania with a residence address of 7919 Forrest Avenue, Philadelphia, PA 19150.

2. Defendant City of Philadelphia ("City") is a municipality organized pursuant to the laws of the Commonwealth of Pennsylvania, whose Law Department has an address of 1600 Arch Street, Philadelphia, PA 19103

JURISDICTION AND VENUE

3. Jurisdiction is proper pursuant to 28 U.S.C. 1331, as the Complaint involves the resolution of a federal question.

4. Venue is proper pursuant to 28 U. S. C. 1391 as a substantial part of the events giving rise to the cause of action occurred in this district.

FACTUAL

5. On January 21, 2025, Whitmore was taken into custody by Philadelphia police on the basis of a bench warrant issued by Delaware County.

6. On that day, Whitmore was taken to the PICC facility.

7.  Pennsylvania rules (Rule 150) require that hearings on bench warrants take place within three days of the service of the warrant.  No hearing took place for Whitmore because she was eventually transferred out of PICC.

8. Ultimately, despite the fact that Whitmore was taken into custody on January 21, 2025, on January 31, 2025, Whitmore was finally transferred to a Delaware County prison.

9. Whitmore was supposed to be transferred to Delaware County within a reasonable time of being arrested on the bench warrant.  This did not occur.

10. As stated herein, Whitmore was not transferred to Delaware County for ten days. Had the City acted promptly, Whitmore would have been transferred much sooner. In fact, although she was in a medical unit from January 21 to January 25, she was returned to a general population unit on January 25 from which she promptly should have been taken to Delaware County.

11. Because she was forced to stay longer at PICC, Whitmore suffered emotional distress because she was incarcerated at PICC longer than she should have been. The conduct by the City violated Whitmore's constitutional protection against false imprisonment guaranteed by the Fourth Amendment to the United States Constitution.

12. Moreover, while incarcerated, Whitmore's constitutional protection against cruel and unusual punishment was violated.

13. Whitmore is in the process of a transition to another gender.

14. The City discriminated against Whitmore because of her transition by doing the following: not providing phone privileges, not providing her medication, and placing her in close proximity of prisoners who would harass her, which they did. This conduct violated the Eight Amendment to the United States Constitution.


LEGAL CLAIMS (Violation of Section 1983)

15. Plaintiff hereby incorporates the preceding averments as though set forth herein.

16. By virtue of the conduct described herein, the City has violated the constitutional rights of Plaintiff.  Section 1983 (42 U.S.C.A. 1983) is the remedy to obtain redress for such violations.

17. The unconstitutional conduct described herein was a result of official actions of the City.

18. The unconstitutional conduct was a result of a policy and/or custom of the City.

19. The unconstitutional conduct of the City was the result of individual acts by City representatives with authority to take such actions.

20. As a result of the conduct of the City, as described herein, Whitmore has suffered severe emotional distress.

Wherefore, Plaintiff respectfully requests that the Court enter judgment against Defendant consisting of compensatory damages and counsel fees.